[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16261
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-61577-CMA


OCEAN'S 11 BAR & GRILL, INC.,
a Florida corporation,

Plaintiff-Appellee,

versus

INDEMNITY INSURANCE CORPORATION
OF DC, RISK RETENTION GROUP,

Defendant-Appellant,

INDEMNITY INSURANCE CORPORATION,
a foreign corporation, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After a bench trial, Defendant Indemnity Insurance Corporation of DC, RRG ("Indemnity") appeals the district court's final judgment in favor of the insured, Plaintiff Ocean's 11 Bar & Grill, Inc. ("Ocean's 11"), on its Florida law claims for declaratory judgment and for damages for breach of contracts of insurance. After review, we affirm the $5,000.00 judgment in favor of the Plaintiff insured.

## I.  BACKGROUND

### A.    Insurance Applications and Contracts

Joe Franco owns Ocean's 11, which operates a restaurant and bar in Florida. In 2009, Franco applied for and obtained liability insurance for Ocean's 11 from Indemnity. He repeated this process in 2010 and 2011. Each of the three insurance applications, incorporated into their respective insurance policies, contained a warranty stating, in relevant part, that the statements made in the insurance application were true, correct and complete to the best of Franco's knowledge and belief:

> The undersigned represents and warrants, to the best of his/her knowledge and belief, based on reasonable inquiry, that the particulars and statements set forth on this application are true, correct and entirely complete, and there are no other risk factors that have not been disclosed herein. If any particulars or statements are materially misrepresented or material information has been omitted intentionally or accidentally, such misrepresentation or omission will void any issued coverages and the insurance company will have no duty to

2

defend any claims, pay any damages, or pay sums or perform acts or services.

In 2011, a patron sued Ocean's 11 for damages for assault and battery sustained at its bar.  After investigating, Indemnity advised Ocean's 11 that it was rescinding the three insurance contracts and declaring the insurance policies void ab initio.  Indemnity maintained that Franco had made various material misrepresentations in the three insurance applications as to such things as square footage, anticipated gross receipts, number of security personnel, employee background checks and Franco's years of experience.  Indemnity did not provide Ocean's 11 with a defense to the bar patron's pending suit or coverage for any potential losses.

## B.    District Court Proceedings

Ocean's 11 brought this diversity action seeking a declaration that Indemnity had improperly rescinded the insurance contracts and for damages for breach of contracts under Florida law.  Following a bench trial, the district court entered final judgment of $5,000, plus interest, in favor of Ocean's 11 on both claims.

The district court concluded, inter alia, that Indemnity had not sustained its burden to show that any of the alleged misrepresentations in Ocean's 11's applications were incorrect or material, as required by Florida Statutes § 627.409.  Section 627.409 provides in relevant part:

3

A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

(a)  The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or the hazard assumed by the insurer.

(b)  If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. § 627.409(1)(a) & (b).

The district court noted that, as a general rule, under § 627.409 an insurer may void a policy for misstatements or omissions without regard to whether they are intentional or accidental.  The district court determined, however, that under Florida law, an insurer who includes the modifier "to the best of his knowledge and belief" in an insurance application has agreed to a lesser knowledge standard than the one in § 627.409.  See Green v. Life & Health of Am., 704 So. 2d 1386, 1389-91 (Fla. 1998); William Penn Life Ins. Co. of N.Y. v. Sands, 912 F.2d 1359, 1362-64 (11th Cir. 1990).  "To permit an insurer to rescind a policy containing 'knowledge and belief' language due to an unknowing misstatement not only contravenes the terms of the contract itself, but is unfair as well."  Green, 704 So. 2d at 1391 (quoting Sands, 912 F.2d at 1364 n.7) (emphasis added).  The district court noted that an insurance applicant "faced with a policy that unambiguously

4

stated that it could be voided for unknowing misstatements might have rejected those terms and sought another policy." See id.  In other words, because Indemnity included the "to the best of his/her information and belief" language in the warranty, Indemnity could void the policies only for statements Franco knew were incorrect when he made them, but not for Franco's unknowing misstatements.

The district court found credible Franco's testimony about how he interpreted the insurance application questions and then answered them.  The district court further found that: (1) many of the questions in Indemnity's insurance application were poorly drafted and ambiguous, (2) a reasonable person in Franco's shoes could have read them as Franco had, and (3) Franco had provided truthful answers to the questions as Franco had reasonably interpreted them. Accordingly, the district court concluded that: (1) Indemnity was not entitled to rescind the insurance contracts and void the policies ab initio; (2) Indemnity breached the insurance contracts by failing to provide a defense to any state court suits against Ocean's 11; (3) Indemnity failed to prove its last-minute affirmative defense of unclean hands; and (4) Ocean's 11 was entitled to damages in the amount of $5,000 on its breach of contracts claim.

## II.  DISCUSSION

After review of the record and the parties' briefs, we affirm the district court's final judgment on the declaratory judgment and breach of contract claims

5

for the reasons outlined in the district court's thorough and well-reasoned order dated November 2, 2012.[1]  We briefly address Indemnity's argument on appeal that the district court's "analysis . . . d[id] not take into account the <u>entirety</u> of the Warranty's language."

Specifically, Indemnity points to the warranty's second sentence, which follows the "to the best of his/her knowledge and belief" language.  That sentence provides that Indemnity could void the policies "[i]f any particulars or statements are materially misrepresented or material information has been omitted intentionally or accidentally."  Indemnity argues that by including "or accidentally," in the second sentence, the parties "contracted around the <u>Green</u> holding upon which the District Court relied" and "place[d] Ocean's 11's insurance policy [back] within the purview of Florida Statutes section 627.409."  Thus, according to Indemnity, the warranty as a whole "unambiguously" allowed Indemnity "to void any issued coverages for any particulars or statements materially misrepresented or material information omitted regardless of the applicant's intentions."

Indemnity's construction of the second sentence of the warranty is doubtful given that it would render the first sentence a nullity.  See <u>City of Homestead v.</u>

---

[1]"After a bench trial, we review the district court's conclusions of law <u>de novo</u> and the district court's factual findings for clear error." <u>Proudfoot Consulting Co. v. Gordon</u>, 576 F.3d 1223, 1230 (11th Cir. 2009); <u>see also</u> Fed. R. Civ. P. 52(a)(6).

6

Johnson, 760 So. 2d 80, 84 (Fla. 2000) (explaining that provisions of a contract should be read harmoniously to give effect to all portions thereof).  Further, to the extent these two sentences in the warranty seem to impose different standards, the warranty is ambiguous, and the district court was required to construe it against Indemnity and in favor of coverage.  See Flores v. Allstate Ins. Co., 819 So. 2d 740, 744 (Fla. 2002) (explaining that language in an insurance policy that is subject to multiple interpretations is ambiguous and must be construed in favor of the insured and strictly against the insurer as drafter).  Accordingly, we find no error in the district court's construction of the warranty.

**AFFIRMED.**